KITTS, RESPONDENT, *v.* WOODS ET AL., APPELLANTS.

(No. 3,680.)

(Submitted September 19, 1916. Decided October 13, 1916.)

[160 Pac. 512.]

*Judgment—Assignment—Execution—Sheriffs—Wrongful Payment of Proceeds.*

1. After an abstract of judgment rendered in a justice's court had been filed in the district court, all claim to the proceeds thereof was assigned for value; the assignee caused execution to be issued and the money due thereon was collected by defendant sheriff, who refused to pay it to the assignee but turned it over to the judgment creditor in an action against the assignor brought after the assignment had been made. *Held,* that the assignee was entitled to the money.

[As to effect of assignment of judgment, see note in 78 Am. St. Rep. 47.]

*Appeal from District Court, Fergus County, in the Tenth Judicial District; John A. Matthewes, Judge of the Fourteenth District, presiding.*

ACTION by Maurice C. Kitts against W. R. Woods, Sheriff, and others. Judgment for plaintiff, and defendants appeal from an order denying them a new trial. Affirmed.

*Messrs. Belden & De Kalb,* for Appellants, submitted a brief; *Mr. O. W. Belden* argued the cause orally.

*Mr. E. K. Cheadle,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

The pleadings and evidence in this case justify the following: On July 9, 1912, one Thomas J. Kitts caused to be filed and docketed in the district court of Fergus county a memorandum emanating from the justice court of Ross Fork township in said county, certifying that on July 12, 1911, he recovered a judgment in that court against one M. E. Stoner for $159.95; this memorandum, entitled and intended as an abstract of judgment under sections 7056 and 7057, Revised Codes, was later amended to show that the judgment as recovered in the justice court was for $145.25, with costs amounting to $23.70—in all, $168.95; on the nineteenth day of August, 1912, said Kitts, in consideration and partial payment of a debt due from him to Mamie C. Kitts for labor, by formal assignment transferred and set over to her "the said judgment and all sum or sums of money or other property, rights or remedies that may be had or obtained by means thereof, or of any proceedings to be had thereon, including liens"; thereafter and upon execution issued out of the district court, placed in his hands for levy, W. R. Woods, as sheriff of Fergus county, collected from Stoner the sum of $173.91, as the accrued principal, interest and costs of said judgment; Woods refused to pay over the money so collected to Mamie Kitts, though advised of said assignment, but retained it as the money of Thos. J. Kitts because of a writ of attachment issued out of the district court on November 7, 1912, in an action brought

against Thos. J. Kitts by the Montana Lumber Company, and at the expiration of his term of office turned it over to his successor, Firmin Tullock. Tullock likewise refused to pay the money to Mamie Kitts, but held it until execution issued in the lumber company's action against Thos. J. Kitts; whereupon Tullock applied the money to said execution by paying it over to the lumber company. The lumber company retained the money notwithstanding the demands of Mamie Kitts therefor, and she brought this action against it as well as Woods and Tullock to recover the same. Trial was to a jury, whose verdict was for the plaintiff, and judgment followed accordingly. Defendants moved for a new trial, and this being denied, they appealed.

The only contention presented to us is that the plaintiff failed
[1]  to prove by competent evidence the existence of a valid judgment of the justice court in *Thos. J. Kitts* v. *Stoner.* In the present instance such proof was not necessary. The essence of plaintiff's case was that the sheriff collected and paid over to the lumber company, and it has kept, the proceeds of her claim against Stoner. This claim is identified as a claim theretofore owned by Thos. J. Kitts, reduced to a supposed or purported judgment in the justice court and assigned to her for value. Stoner chose to recognize the judgment as existing and valid by paying it, and the appellants chose to do the same thing by levying on the proceeds, treating them as the property of Thos. J. Kitts. If, therefore, this claim was assigned for value to Mamie Kitts before the levy of attachment in the lumber company's action against Thos. J. Kitts, then she, at the time the collection was made from Stoner, owned the claim and was entitled to the money. This—the only real issue in the case— was resolved by the jury in favor of Mamie Kitts, and with that conclusion no fault is, or can be, founded on this record.

The order denying a new trial is affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.